```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
R.K., on behalf of her minor child J.K.,

                    Plaintiff,              CV-06-0413 (CPS)

    - against -                             MEMORANDUM OPINION
                                            AND ORDER
The Board of Education of the
City of New York,

                    Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

This is an action seeking an order directing the defendant Board of Education of the City of New York (the "Board") to complete an evaluation of JK, a minor child, and draft an Individualized Education Plan ("IEP") within a time frame to be set by this Court. Plaintiff contends that the evaluations and IEP are mandated by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and are necessary in order for JK to receive a free appropriate public education. On May 2, 2006, after the parties reported to the Court that the case had been settled, I issued an order marking the case discontinued subject to re-opening if the settlement was not consummated within sixty (60) days. Presently before the Court are plaintiff's motion for attorneys' fees, defendant's motion to reopen, and defendant's motion to dismiss the complaint for lack

of subject matter jurisdiction. For the reasons stated below, defendant's motion to reopen is denied, and plaintiff's motion for attorneys' fees is denied. Because the case will not be reopened, I need not address defendant's motion to dismiss.

**BACKGROUND**

The following facts are taken from the complaint and the parties' submissions in connection with this motion. Disputes are noted.

Plaintiff RK is a resident of Brooklyn, New York, and is the parent of JK, a 7-year-old child who resides with his parents and attends school in the City of New York. After repeated requests to have JK evaluated with respect to his need for special education services, including one made in May 2005, JK's parents, through counsel, filed a due process complaint and request for an impartial due process hearing with the Board's Office for Impartial Hearings pursuant to 20 U.S.C. § 1415.[1] On December 2, 2005, the Board responded to the request for an impartial hearing (the "Response"), and on December 20, 2005, the Board sent plaintiff a resolution agreement (the "Resolution Agreement").

The Resolution Agreement provided that the appropriate Committee on Special Education ("CSE") would perform the necessary evaluations (psycho/educational, social history, and

---

[1] 20 U.S.C. § 1415 (f)(1)(A) provides, in relevant part, "[w]henever a complaint has been received...the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing...."

occupational therapy) and perform a CSE review. The agreement further provided that the "expected completion date" for the evaluations and review would be January 31, 2006.[2]

The Board contends that plaintiff and plaintiff's counsel never executed the Resolution Agreement as is required by 20 U.S.C. § 1415(f)(1)(B)(iii)(I),[3] and, indeed, the copy of the Resolution Agreement provided to this Court by plaintiff with her initial motion is not signed by plaintiff or by her counsel. The plaintiff replied that she did in fact execute the agreement, and subsequently submitted a copy of the agreement which is signed by plaintiff and plaintiff's counsel. The Board further contends, and plaintiff disputes, that on December 28, 2005, plaintiff RK withdrew her request for an impartial hearing.[4]

On January 31, 2006, plaintiff filed a complaint and motion for an injunction, and on February 3, 2006, Judge Gleeson of this Court issued an order to show cause why plaintiff's motion for an injunction directing defendant to complete the evaluation process

---

[2]The Resolution Agreement actually reads "January 31, 2005;" however, the parties do not dispute that it should have read "January 31, 2006."

[3]20 U.S.C. § 1415 (f)(1)(B)(iii) provides, in relevant part, "[i]n the case that a resolution is reached to resolve the complaint...the parties shall execute a legally binding agreement that is...signed by both the parent and a representative of the agency who has the authority to bind such agency; and...enforceable in any State court of competent jurisdiction or in a district court of the United States."

[4]To that end, defendant submits a copy of a letter, dated December 29, 2005, from the Impartial Hearing Office to plaintiff's counsel "confirm[ing] that the request for an impartial hearing is withdrawn." Plaintiff's counsel submits an affidavit stating that he "never called anyone at the Board to withdraw the request for the impartial hearing."

and draft an IEP should not be granted. The Board responded that plaintiff, having failed to exhaust her administrative remedies, lacked standing to bring the case. Nevertheless, the Board stated that it intended to complete the evaluations.[5]

At the show cause hearing on February 9, 2006, I informed the parties that an evidentiary hearing would be necessary to decide the injunction motion. Specifically, I noted that whether or not plaintiff had exhausted her administrative remedies giving this Court subject matter jurisdiction over the case depended on whether she executed the Resolution Agreement and whether she withdrew her request for an impartial hearing, both disputed facts. The hearing was set for March 6, 2006. On March 3, 2006, the Board reported, and plaintiff subsequently confirmed, that all of the relief sought by plaintiff had been provided by defendant, and on March 15, 2006, I marked the motion for an injunction withdrawn without prejudice. On May 2, 2006, after the parties reported that the case had been settled, I issued an order of discontinuance. The order provided that the parties could move to reopen the case if the settlement was not consummated within sixty days of the issuance of the order.

On June 9, 2006, plaintiff's counsel filed the instant application for attorneys' fees. On June 19, 2006, defendant

---

[5] The Board stated that the reason for the delay was that JK speaks Yiddish, and it was therefore necessary for the Board to contract out the occupational therapy and speech evaluations to qualified evaluators who could conduct the evaluations in Yiddish.

filed a letter with this Court requesting that the case be reopened pursuant to the May 10, 2006 order. Despite the fact that the motion to reopen has not been adjudicated, on June 21, 2006, defendant filed a response in opposition to plaintiff's application for attorneys' fees and a cross-motion to dismiss the complaint for lack of subject matter jurisdiction, arguing that plaintiff failed to exhaust her administrative remedies.

For the reasons stated below, defendant's motion to reopen the case is denied, and plaintiff's application for attorneys' fees is denied.

**DISCUSSION**

Defendant's Motion to Reopen

I first address defendant's motion to reopen the case. The May 2, 2006 order clearly stated that the parties could move to reopen the case within sixty days if the settlement was not consummated. However, the parties have failed to demonstrate or even argue that the settlement has not been consummated. To the contrary, plaintiff's counsel states, as a basis for his application for attorneys' fees, that the relief sought in the complaint has been provided. Moreover, defendant states that after the show cause hearing, the Board completed the necessary evaluations and convened a CSE to draft the IEP. The parties have therefore failed to demonstrate that the settlement was not

consummated. Accordingly, the motion to reopen is denied, and I need not consider defendant's motion to dismiss.

<u>Plaintiff's Application for Attorneys' Fees</u>

Plaintiff moves for attorneys' fees pursuant to 20 U.S.C. § 1415(I), which provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees...to a prevailing party who is the parent of a child with a disability....

Plaintiff's counsel argues that plaintiff is a prevailing party because defendant only provided the services pursuant to an "Order from this Court" at the February 9, 2006 hearing "direct[ing] the defendant to have the child evaluated and to complete the IEP." However, contrary to counsel's assertion, and as the transcript of the hearing confirms, the injunction motion was not granted at the show cause hearing. As I stated at the hearing, the injunction motion could not be decided before an evidentiary hearing was held relating to whether plaintiff exhausted her administrative remedies. I therefore set a date for the evidentiary hearing. Accordingly, counsel's argument that plaintiff is a prevailing party because defendant provided the services pursuant to this Court's order fails.

Plaintiff's counsel also appears to argue that plaintiff is a prevailing party because it was the filing of the present lawsuit that triggered defendant's compliance with IDEA. However, in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of*

*Health and Human Resources*, 532 U.S. 598 (2001), the United States Supreme Court considered and explicitly rejected such a "catalyst theory" in holding that the plaintiff was not a prevailing party under the Fair Housing Amendments Act (FHAA) or the Americans with Disabilities Act (ADA), and in *J.C. v. Regional School Dist. 10, Bd. of Educ.*, 278 F.3d 119 (2d. Cir.2002), the Second Circuit Court of Appeals held that applications for attorneys' fees under IDEA were governed by *Buckhannon* and therefore IDEA plaintiffs could not be considered prevailing parties under the catalyst theory. Both courts reasoned that "'[a] defendant's voluntary change in conduct...lacks the necessary judicial *imprimatur*' to render the plaintiff a prevailing party." J.C., 278 F.3d at 123, *quoting Buckhannon*, 532 U.S. at 605.

Accordingly, plaintiff's application for attorneys' fees must be denied.

**CONCLUSION**

For the reasons set forth above, defendant's motion to reopen the case is denied, and plaintiff's motion for attorneys' fees is denied. Because the case will not be reopened, I need not decide defendant's motion to dismiss.

The Clerk is directed to transmit a copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated : Brooklyn, New York
July 10, 2006

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge